UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BLACKSTONE RANCH CORPORATION; MONTEREY PENINSULA FARMS, LLC; SK FOODS, LLC; SK PM CORP.; SS FARMS LLC; SSC FARMING, LLC; SSC FARMS I, LLC; SSC FARMS II, LLC; SSC FARMS, III, LLC,<br><br>    Appellants,<br><br>    v.<br><br>BRADLEY D. SHARP; BANK OF MONTREAL; SCOTT SALYER; SKF CANNING, LLC; THE SCOTT SALYER REVOCABLE TRUST; SALYER MANAGEMENT COMPANY, LLC; SK FARMS SERVICES, LLC; SK FROZEN FOODS, LLC; OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>    Appellees. | NO. CIV. 2:13-2203 WBS<br><br>ORDER RE: REQUEST TO DEEM DOCUMENTS TIMELY FILED |

----oo0oo----

        On October 18, 2013, appellants initiated this bankruptcy appeal challenging the bankruptcy court's decision to

1

1    substantively consolidate appellants with the Chapter 11
2    bankruptcy estate of SK Foods, L.P. and RHM Industrial/Specialty
3    Foods, Inc.  (Docket No. 1.)  After appellants failed to timely
4    file a designation of record, statement of issues on appeal, and
5    request for transcripts with the bankruptcy court, the parties
6    stipulated to extend the time to file these documents until
7    December 31, 2013.  (Docket No. 15.)  That stipulation provided
8    that, in the event appellants failed to file these documents by
9    December 31, "the Appellee is authorized to submit an ex parte
10   request and order dismissing the above-captioned appeal."  (Id.)
11   Pursuant to the stipulation, the court granted appellees' ex
12   parte application to dismiss the bankruptcy appeal on January 3,
13   2013.  (Docket No. 17.)

14          After the court granted appellees' application,
15   appellants urged the court to reconsider this decision, citing a
16   sudden and unexpected death in the family of appellant's counsel
17   and the delay caused by the Christmas holidays.  (Docket No. 18.)
18   While the court is not unsympathetic to these personal
19   circumstances, appellants have now failed to file these documents
20   by the deadline on two separate occasions, including once after
21   signing a stipulation that explicitly authorized dismissal of
22   this bankruptcy appeal for failure to comply with the stated
23   deadlines.  In light of this pattern of missed deadlines, the
24   court declines to find that appellants' untimely filing of these
25   documents constitutes excusable neglect, see Pioneer Inv. Servs.
26   v. Brunswick Assocs., 507 U.S. 380, 395 (1993), and therefore
27   declines to reconsider its previous Order dismissing this
28   bankruptcy appeal or to deem appellants' documents timely filed.

IT IS THEREFORE ORDERED that appellants' request to deem documents timely filed be, and the same hereby is, DENIED.

Dated:  January 15, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE